BOWEN W. SIMMONS, Retired Circuit Judge.
A jury convicted appellant-defendant of murder in the first degree pursuant to an indictment therefor. The jury also fixed punishment at life imprisonment. Appellant was an indigent prior to and on appeal.
It appears that the victim of the homicide was appellant’s wife.
Appellant first asserts that the indictment is the product of a violation of the doctrine of the separation of powers as required by the Constitution of Alabama and is void. Constitution of Alabama of 1901, Section 43; Vol. 1, Code of Alabama 1975, p. 192. Motion to quash the indictment for such violation was overruled and the ruling is asserted as reversible error.
The parties stipulated in writing as follows:
“STIPULATION OF FACT
“At the November, 1977 term of the Grand Jury in and for Pike County, Alabama, Mr. Joel Folmar assisted the District Attorney as a Special Assistant Attorney General appointed by the Governor of the State of Alabama with the concurrence of the Attorney General of Alabama. He was present during the examination of witnesses before the Grand Jury and administered the oath to a witness on one or more occasions. However, he was not present nor was the District Attorney or any other member of his staff present during the deliberations of the Grand Jury.
“At the time of said session of the Grand Jury of Pike County, Alabama, Mr. Fol-mar was a member of the Alabama Legislature having taken office in January, 1976. Mr. Folmar remains a member of the Legislature at this date.
“At the said session of the Grand Jury of Pike County, Alabama, Fletcher Robinson, Charlie Ousley, Sandy Metott and Henry Barr were indicted.”
Section 43 of the Constitution, supra, reads:
“In the government of this state, except in the instances in this Constitution hereinafter expressly directed or permitted, the legislative department shall never exercise the executive and judicial powers, or either of them; the executive shall never exercise the legislative and judicial powers, or either of them; the judicial shall never exercise the legislative and executive powers, or either of them; to the end that it may be a government of laws and not of men.”
This section prohibits the legislative department from exercising executive and judicial powers, or either of these; also the executive shall not exercise legislative and judicial powers or either of these; and the judicial is forbidden to exercise legislative or executive powers, or either of these. So we have a restriction on departmental exercise of powers.
In the instant case there was no effort of the legislative department to exercise executive powers, nor of the executive department to exercise legislative powers. It was just a simple instance of a single member of the legislature getting temporarily appointed to an executive position as a Special Assistant Attorney General to get acquainted with grand jury procedure prior to his appointment as District Attorney when the office became vacant as was anticipated. The appointment was not calculated to invoke any usurpation of departmental powers or prerogatives of the legislature or of the executive department. We fail to see *1292 any infringement on the departmental powers of either branch of our state or federal government. The motion to quash was correctly overruled.
The next contention of error is that the court erred to reverse in holding that the coroner of Pike County had qualified as an expert in the cause of death and in admitting his testimony as to the cause of the victim’s death.
The evidence on this issue plainly shows inter alia that the coroner, Alan Booth, had served in such office for approximately three years and during that service had examined approximately 200 to 250 bodies, and that he had testified in court ten to fifty times as to the cause of death; also that he had a master’s degree in criminal investigation and police administration. He also testified that he attended numerous schools and seminars in relation to criminal investigation. Further he said these courses assisted him in training to perform his duties as coroner relating to bodies and deceased persons and determining cause of death.
It appears that the victim was dead when the coroner appeared on the scene soon after the shooting; that there were nine bullet holes in the body made by rifle shots.
In the light of these wounds and the immediate death of the victim, we think the coroner was amply qualified as an expert with respect to the cause of death. McDaniel v. State, 56 Ala.App. 591, 324 So.2d 305(1); Jones v. State, Ala.Cr.App., 339 So.2d 1042(3, 4).
A third contention is that the trial court erred in refusing defendant’s written charges 19 and 21 which purport to charge the jury on the law of second degree manslaughter.
The refusal of these charges was free of error. Fulghum v. State, 291 Ala. 71, 277 So.2d 886(5, 6). It is clear from the evidence that defendant intentionally fired nine rifle bullets in the body of the victim— one in her back as she ran and eight others in her body while she was falling or had fallen to the ground. There is no evidence tending to show that the killing was unintentional or accidental so as to constitute second degree manslaughter.
A final, contention is that the judgment should be reversed and the cause remanded because the court refused defendant’s written charge 14 as follows:
“I charge you ladies and gentlemen of the jury, that if you are reasonably satisfied from all of the evidence that the defendant, Fletcher Robinson, was insane at the time the fatal bullet was fired, then it would be your duty to acquit the defendant.”
We pretermit discussing the validity of this charge, which omits the elements of legal insanity. Suffice it to say that the law of insanity here applicable was fully covered by the court’s oral charge. The court’s refusal of this written charge was free of error. Title 7, Section 273, Code of Alabama 1940; 12-16-13, Code of Alabama 1975.
The judgment is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.